*Spencer Waldo* v. *Nathan Doane and others.* B. F. AGAN, for complainant; C. STEVENS, for defendant Skinner. Motion for receiver. In this case the chancellor observed that a creditor's bill should contain an allegation that the defendant has property or effects of the *value* of $100 or more; and that an averment that he has debts due to him of the *amount* of several hundred dollars does not necessarily imply that those *debts* are of any *value*.

*Creditor's bills. Averment as to value of defendant's property.*

And the chancellor decided that where a bill is filed by a creditor whose debt is provided for in an assignment of his debtors property, against the assignees, for an account of the administration of the trust, the other creditors of the assignor are necessary parties. That if the complainant in such a case wishes to excuse himself from bringing such creditors before the court as parties, he must allege in his bill that all the other creditors whose debts were provided for in the assignment, have been paid, if such is the fact.

*Parties.*

Motion granted, as to the property of the judgment debtors, if they have any which is not assigned—they not appearing to oppose—but denied, as to the assigned property, with $10 costs. Leave granted to complainant to amend the bill,

*Peter G. Stuyvesant* v. *Rowland Davies.* S. M. WOODRUFF, for complainant; J. RHOADES, for defendant, The chancellor decided in this case that where a lessor of premises elects to proceed at law to enforce a forfeiture in the lease, for the non-payment of taxes and assessments, he cannot, in the mean time treat the lessee as his tenant and rightfully in possession of the premises, so as to give him any claim to the accruing rents, by virtue of his lease.

*Landlord and tenant.*

That the receipt of any rent which had accrued after the breach of covenant, upon which the ejectment suit is founded, is of itself a waiver of the forfeiture, and a good defence to that suit.

That while the landlord is proceeding in an ejectment suit to enforce a forfeiture in the lease, this court will not entertain a bill to give to him a remedy for the recovery of his rent, or his damages for the non-payment of assessments.

Order of the vice chancellor reversed, and injunction dissolved witn costs to be taxed.